FILED
SUPERIOR COURT
OF GUAM

2024 AUG 20 AM 11: 44

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| MELISSA P. CAMACHO,<br><br>Plaintiff,<br><br>vs.<br><br>F. RANDALL CUNLIFFE, as<br>Trustee of the Pedro R. Pangelinan<br>Trust, also known as the DONGO<br>TRUST, and DOES 1-5,<br><br>Defendants. | Case No. CV0046-20<br><br>**DECISION AND ORDER**<br>**(Motion to Dismiss for Failure to Prosecute)** |

**INTRODUCTION**

This matter came before the Honorable John C. Terlaje upon the filing of Defendant's Motion to Dismiss for Failure to Prosecute on May 7, 2024. Attorney Rachel Taimanao-Ayuyu represents Plaintiff Melissa P. Camacho ("Plaintiff"). Attorney Joseph C. Razzano represents the Defendant F. Radall Cunliffe, as Trustee of the Pedro R. Pangelinan Trust ("Defendant"). Based on the relevant law and authorities, the Court now issues the following decision and order **DENYING** Defendant's Motion to Dismiss for Failure to Prosecute.

**BACKGROUND**

On June 26, 2018, Pedro R. Pangelinan ("Dongo"), the Plaintiff's father, passed away. Opp. to Mot. to Dismiss for Failure to Prosecute at 1 (June 4, 2024). At the time of Dongo's death, there were two Last Wills and Testaments filed with the Guam Superior Court for

probate in Case No. PR0124-18. *Id.* Plaintiff participated in the probate proceeding as an interested party. *Id.* Defendant moved to dismiss the petition for probate of the wills on grounds that Dongo created the Dongo Trust, which Defendant created as Dongo's attorney. *Id* at 2. Before the court could decide, the Petition was voluntarily dismissed. *Id.*

On January 21, 2020, Plaintiff filed her Verified Complaint. Mot. to Dismiss for Failure to Prosecute at 2 (May 7, 2024). Plaintiff seeks an inventory and accounting of trust properties and payments made from the Trust. *Id.* Plaintiff also challenges the validity of the Trust and the Defendant's designation as a trustee based on his acts as Dongo's attorney. *Id.* Defendant filed two motions to dismiss Plaintiff's complaint and amended complaint. *Id.* The Court dismissed the fourth cause of action in Plaintiff's amended complaint. *Id.*

On March 30, 2021, Plaintiff filed her First Amended Complaint after motion practice regarding the complaint. *Id.* On August 27, 2021, Defendant filed his Answer. *Id.* In 2022, the parties participated in discovery. *Id.* On August 16, 2023, the parties filed a stipulation to stay the proceedings of this case to facilitate settlement discussions. *Id.* The stay was granted, and the Court subsequently held various status hearings. *Id.*

At a status hearing on December 1, 2023, Plaintiff requested an extension for the stay, which the Court granted for an additional six months. Opp. to Mot. to Dismiss for Failure to Prosecute at 2, 4 (June 4, 2024). On or about May 7, 2024, the Court held a virtual status hearing. *Id.* at 3. Although Plaintiff logged onto Zoom for the hearing, Plaintiff was unable to attend due to a procedural error. *Id.* at 3.

## DISCUSSION

Rule 41(b) of the Guam Rules of Civil Procedure ("GRCP") authorizes the Court to dismiss an action for the Plaintiff's failure to prosecute to prevent undue delay or congestion of the courts. "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." GRCP 41(b).

The Guam Supreme Court has adopted a list of five factors that the Court must take into account in considering whether to dismiss an action: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Park v. Kawashima*, 2010 Guam 10 ¶ 10. "Dismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal." *Id.*

The burden is on the plaintiff to show the delay is reasonable and that the defendant is not prejudiced by the delay. *Id.* at. ¶ 11. If a reasonable excuse exists for the plaintiff's delay, the defendant would then have the burden to demonstrate prejudice. *Id.* Once, however, a delay is determined to be unreasonable, prejudice is presumed. *Santos v. Carney*, 1997 Guam 4 ¶ 8. The Supreme Court "give[s] deference to the trial court in determining the reasonableness of the delay 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Id.*

**A. Public's interest in expeditious resolution of litigation and the court's need to manage its docket.**

The first two factors may be considered together. *Park*, 2010 Guam 10 ¶ 13 (citing *Santos*, 1997 Guam 4 ¶ 7). In evaluating this first factor, the court must calculate the cumulative length of delay attributable to the plaintiff and examining whether the plaintiff failed to pursue the case diligently and did so for reasons that do not amount to good cause. *Guam Economic Development Authority v. Affordable Home Builders, Inc.*, 2013 Guam 12 ¶ 18. However, there is no bright-line rule to be applied automatically or mechanically. *Id.* ¶ 10. A mere passage of time does not mandate dismissal, but rather, the delay must be unreasonable. *Lujan v. McCreadie*, 2014 Guam 19 ¶ 8 (citing *Guam Economic Development Authority*, 2013 Guam 12 ¶ 13).

The Court recognizes that the relevant time period to consider whether there was an unreasonable delay in prosecuting the matter is from the inception of the case until the filing of the motion to dismiss. *Lujan v. McCreadie*, 2014 Guam 19 ¶ 12. Here, it is undisputed that the case was diligently prosecuted in its initial stages. The parties engaged in motion practice after Plaintiff filed their Complaint and Amended Complaint. Mot. to Dismiss for Failure to Prosecute at 2 (May 7, 2024). Prior to the stay, both parties participated in discovery. *Id.* Therefore, the Court will examine the period between when the stay was granted and when the Motion was filed, which was between August 2023 to May 2024.

The stay was granted to allow the parties to explore settlement. Opp. to Mot. to Dismiss for Failure to Prosecute at 4 (June 4, 2024). Defendant contends that Plaintiff has not provided any settlement offer despite Defendant's requests. Mot. to Dismiss for Failure to Prosecute at 3 (May 7, 2024). Plaintiff states that the inaction was due to her and her spouse's serious medical

conditions. Opp. to Mot. to Dismiss for Failure to Prosecute at 4 (June 4, 2024). Plaintiff had to seek treatment in the United States. *Id.* The Court finds that Plaintiff and her spouse's serious medical conditions justifies the delay as it may impede her ability to engage in effective settlement discussions.

Due to these unexpected health issues, Plaintiff's counsel informed the Court and Defendant that an extension of the stay was needed. *Id.* at 4-5. The extension was granted, however, Plaintiff still failed to engage in settlement discussions which led to the filing of Defendant's Motion to Dismiss in May 7, 2024. Plaintiff's counsel contends that she was not allowed into the status hearing on May 7, 2024. Although unable to determine the exact cause, the Court will assume Plaintiff's contentions are accurate and note that it was due to a electronic communcation error. Because Plaintiff's counsel was not allowed into the hearing, she missed an opportunity to further explain her client's situation.

Additionally, Plaintiff is now recovering and states that she is prepared to proceed to trial. Although nine (9) months may be considered a significant period of inactivity, the Court finds that it was justified due the Plaintiff's medical condition. The Court finds that the delay was reasonable, and therefore, these factors weigh against dismissal.

**B. Risk of prejudice to defendant.**

Next, the court considers the third factor. It is the Plaintiff's burden to show that Defendant is not prejudiced by the delay. *See Park*, 2010 Guam 10 ¶ 11. If a reasonable excuse exists for the inaction, the burden shifts to the Defendant to demonstrate prejudice. *Id.* Defendant states that he suffers prejudice because as the Trustee of the Dongo Trust, Defendant must devote time, effort, and money to defending against this active litigation instead of using those resources

to provide to the beneficiaries of the Dongo Trust. Mot. to Dismiss for Failure to Prosecute at 4 (May 7, 2024). Plaintiff brought this action seeking validity of the Trust as well as his designation as Trustee. Opp. to Mot. to Dismiss for Failure to Prosecute at 2 (June 4, 2024). Although the Court recognizes that it is not ideal for a trustee to use its resources on litigation, trustees have a duty to protect the interests of the Trust and its beneficiaries. If there is an action brough seeking to invalidate the trust, the trustee must act accordingly to protect the trust and its beneficiaries. The Court also recognizes that the matter could have been resolved earlier if settlement discussions took place, however, Plaintiff provided a reasonable justification for the delay. As such, Defendant failed to demonstrate actual prejudice, and therefore, this factor weighs against dismissal.

### C. Public policy favoring disposition of the merits.

The fourth factor "necessitates considering the public policy favoring disposition of a case on its merits which ordinarily weighs against dismissal." *Kawashimi*, 2010 Guam 10 ¶ 22. Thus, "[a]lthough public policy always favors a resolution of cases on their merits, and this factor generally weighs in favor of the plaintiff, 'it must be weighed against the first two factors, the expeditious resolution of litigation and the court's need to manage its docket." *Id.* (*citing In re Estate of Concepcion v. Siguenza*, 2003 Guam 12 ¶ 23).

As stated above, the delay was reasonable, and the Defendant has made no showing of actual prejudice, therefore, the public policy favoring disposition of case on the merits must control. *See Santos* 1997 Guam 4 ¶ 9. Thus, the fourth factor weighs against dismissal.

## D. Availability of less drastic sanctions.

"The trial court is not required to impose lesser sanctions, when the rules do not so provide, and when to do so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure." *Santos*, 1997 Guam 4 ¶ 10. However, courts are strongly encouraged to consider lesser sanctions before dismissal. *Lujan v. McCreadie*, 2014 Guam 19 ¶ 24. Dismissal for failure to prosecute is considered a harsh sanction, only to be used in extreme circumstances, such as when there has been a pattern of delay or consistent disobedience of court orders. *Affordable Home 2 Builders, Inc.*, 2013 Guam 12 ¶ 47.

Plaintiff did not offer any lesser sanctions, and contends that the Court should not consider the parties' conduct in settlement during a stay as a delay, however, the Court is more inclined to deny dismissal not because of this reasoning, but due to the Plaintiff's situation. Plaintiff was responsible for engaging in settlement discussion, however, given her situation regarding her and her spouse's medical conditions, dismissal would be a harsh sanction. Although a settlement has not yet been offered between the granting of the stay and the filing of the Motion, the delay was not so extreme as to warrant dismissal. Moreover, Plaintiff is prepared to proceed to trial. Thus, the fifth factor weighs against dismissal. The Court will therefore set this case for trial to ensure disposition of the case on the merits, and to halt any further delays. *Id.* ¶ 15.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Defendant's Motion to Dismiss for Failure to Prosecute.

A status hearing is set in this matter for _September 3, 2024 at 9:00 am._
_(via zoom)._

SO ORDERED, this __20__ day of __August__ 2024.

_____
**HONORABLE JOHN C. TERLAJE**
Judge, Superior Court of Guam

Zoom
Meeting ID: 218 542 2064
Passcode: JJCT